# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

LEWIS BORSELLINO and I.M.
ACQUISITIONS, LLC

                Plaintiffs,

  v.

GOLDMAN SACHS GROUP, INC.

                Defendant.

Case No. 05-CV-04401

Honorable Charles R. Norgle

## DEFENDANT THE GOLDMAN SACHS GROUP, INC.'S MOTION TO DISMISS

Defendant The Goldman Sachs Group, Inc. ("Goldman"), through its attorneys Sidley Austin Brown & Wood LLP, respectfully submits this motion to dismiss the Complaint. In support of this motion, Goldman states as follows:

1. Plaintiffs Lewis Borsellino and I.M. Acquisitions, LLC have brought this action against Goldman purporting to assert a federal law claim for conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and state law claims for tortious interference with economic advantage, tortious interference with fiduciary relationship, civil conspiracy, intentional/willful and wanton spoliation of evidence, and negligent spoliation of evidence. Plaintiffs' claims arise out of Goldman's investment in Archipelago, an electronic stock exchange formed in the late 1990s by plaintiffs' former business partners. Plaintiffs allege that Archipelago was a corporate opportunity of an entity in which they previously held an interest, Chicago Trading & Arbitrage ("CTA"). Each of plaintiffs' claims against Goldman is fatally flawed and should be dismissed with prejudice.

2.      The Complaint should be dismissed on the ground that it fails to plead fraud with particularity pursuant to Fed. R. Civ. P. 9(b). All of plaintiffs claims rely on the central notion that Goldman was part of a fraudulent conspiracy, and, accordingly, they are all subject to the stringent pleading requirements of Rule 9(b). Plaintiffs do not plead any facts to support their wholly implausible theory that Goldman entered into a conspiracy to defraud plaintiffs out of their interest in Archipelago.

3.      Each count in the Complaint also should be dismissed because plaintiffs fail to plead essential elements of each of their claims. Count I, which purports to state a claim for a RICO conspiracy, should be dismissed because: (1) the Complaint fails to plead the continuity required for a pattern of racketeering activity; (2) the Complaint fails to allege that Goldman entered into an agreement *to violate RICO*, (3) plaintiffs lack standing under RICO because their alleged injury was not caused by an act of racketeering, and (4) plaintiffs' RICO claim is barred by the four-year limitations period applicable to civil RICO claims.

4.      Count II for tortious interference with economic advantage should be dismissed for failure to plead interference and the absence of competitive privilege. Count III for tortious interference with fiduciary relationship – if such a claim exists under Illinois law – should be dismissed for the same reasons.

5.      Count IV for civil conspiracy should be dismissed for failure to plead the essential elements of agreement and participation. Plaintiffs fail adequately to allege that Goldman entered into an agreement to conceal the fact that Archipelago was built with CTA's assets. Plaintiffs also fail adequately to allege that Goldman participated in any such conspiracy, or that any conduct by Goldman proximately caused plaintiffs' alleged injury.

6. Plaintiffs' claims for intentional and negligent spoliation, Counts V and VI, also should be dismissed. Not only do plaintiffs fail to allege what documents allegedly were destroyed, when those documents allegedly were destroyed, or the content of the allegedly destroyed documents, but plaintiffs do not (and cannot) allege that the alleged spoliation proximately caused them any damage. Plaintiffs' fall-back claim for negligent spoliation fails for the additional reason that plaintiffs fail to allege any duty owed by Goldman to preserve documents.

7. Finally, and independently, each of plaintiffs' state law claims (Counts II-VI) should be dismissed because plaintiffs lack standing to assert these claims: despite the manner in which plaintiffs have attempted to characterize their claims, they are actually derivative in nature because they are all premised upon the alleged diversion of assets and opportunities from CTA.

WHEREFORE, Goldman respectfully requests that this Court enter an order dismissing the Complaint with prejudice.

A supporting memorandum accompanies this motion.

Dated: October 18, 2005

Respectfully submitted,

GOLDMAN SACHS GROUP, INC.

**/s/ William F. Conlon**

William F. Conlon
Holly A. Harrison
Melanie E. Walker
Laura D. Warren
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, Illinois 60603
(312) 853-7000
Firm I.D. No. 38315

4